UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSHUA N. BANASIAK,<br><br>                         Plaintiff,<br><br>      v.<br><br>TANEESHA COOK, *et al.*,<br><br>                        Defendants. | Case No. 3:22-CV-00527-MMD-CLB<br><br>**ORDER GRANTING MOTION TO STAY CASE AND DENYING WITH LEAVE TO REFILE MOTION FOR COUNSEL**<br><br>[ECF Nos. 24, 25] |

Before the Court is Defendants' motion to stay case, (ECF No. 25). According to the motion to stay proceedings, Plaintiff Joshua Banasiak ("Banasiak") is being transferred to an out-of-state institution, and counsel requests a brief stay until she can re-establish contact with Banasiak at his new institution and help facilitate his ability to continue litigating the case. (*Id.*)

It is well established that district courts have the inherent power to control their dockets and manage their affairs; this includes the power to strike or deny motions to streamline motion practice and promote judicial efficiency. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Additionally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1.

To that end, the Court considers several articulated factors when deciding whether to stay a case: "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed" including the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or

complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Court has considered these factors and finds, in the exercise of its sound discretion, that a brief stay of these proceedings for 60-days is appropriate.

The Court additionally notes that pursuant to Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address ... Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1. Thus, Banasiak must file his notice of change of address once he has been moved to the new facility.

Further, considering the stay, Banasiak's motion for appointment of counsel, (ECF No. 24), is denied with leave to refile following the 60-day stay. Finally, the case management conference currently set for September 18, 2023, (ECF No. 23), is vacated and will be reset upon the lifting of the stay.

For good cause appearing, **IT IS ORDERED** that Defendants' motion to stay, (ECF No. 25), is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** for 60-days from the date of this order, at which point the stay shall be automatically lifted.

**IT IS FURTHER ORDERED** that Banasiak shall file, as soon as practicable, his updated address with the Court.

**IT IS FURTHER ORDERED** that Banasiak's motion for appointment of counsel, (ECF No. 24), is **DENIED with leave to refile,** following the 60-day stay.

**IT IS FURTHER ORDERED** that the case management conference currently set for September 18, 2023, (ECF No. 23), is **VACATED** and will be reset upon lifting of the stay.

**IT IS SO ORDERED.**

**DATED**: September 7, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**